**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| REALTIME DATA LLC d/b/a IXO, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 19-394-CFC |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| OPEN TEXT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT OPEN TEXT INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendant Open Text Inc. ("OpenText") respectfully submits its Answer, Defenses, and

Counterclaims in response to the Complaint for Patent Infringement Against OpenText, Inc.

("Complaint") filed by Plaintiff Realtime Data LLC d/b/a IXO ("Realtime," "IXO" or

"Plaintiff").  OpenText denies any allegation that it infringes U.S. Patent No. 9,116,908 (the

"'908 Patent"), U.S. Patent No. 9,667,751 (the "'751 Patent") or U.S. Patent No. 8,933,825 (the

"'825 Patent") (the '908 Patent, '751 Patent and '825 Patent, collectively, the "Asserted

Patents"), and further responds as follows:

**PARTIES**

1.      Realtime is a limited liability company organized under the laws of the State
of New York. Realtime has places of business at 5851 Legacy Circle, Plano, Texas 75024, and 66
Palmer Avenue, Suite 27, Bronxville, NY 10708. Since the 1990s, Realtime has researched and
developed specific solutions for data compression, including, for example, those that increase the
speeds at which data can be stored and accessed. As recognition of its innovations rooted in this
technological field, Realtime holds 40 United States patents and has numerous pending patent
applications. Realtime has licensed patents in this portfolio to many of the world's leading
technology companies. The patents-in-suit relate to Realtime's development of advanced systems
and methods for fast and efficient data compression using numerous innovative compression
techniques based on, for example, particular attributes of the data.

**ANSWER:**   OpenText lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1, except it refers to the Asserted Patents for a true and complete statement of their contents.

2.   On information and belief, OpenText is a Delaware corporation with its principal place of business at 275 Frank Tompa Drive, Waterloo, ON N2L 0A1, Canada. OpenText can be served through its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware, 19808.

**ANSWER:**   OpenText denies that its principal place of business is at 275 Frank Tompa Drive, Waterloo, ON N2L 0A1, Canada, and admits the remaining allegations of paragraph 2.

## JURISDICTION AND VENUE

3.   This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:**   Paragraph 3 contains legal conclusions, to which no response is required. To the extent a response is required, OpenText admits that this purports to be a patent infringement litigation and it does not dispute that the Court has subject matter jurisdiction in this case.  Open Text denies the remaining allegations of Paragraph 3.

4.   This Court has personal jurisdiction over Defendant OpenText in this action because OpenText is incorporated in Delaware and has committed acts within the District of Delaware giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over OpenText would not offend traditional notions of fair play and substantial justice.  OpenText, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, offering to sell and selling products and/or services that infringe the asserted patents.

**ANSWER:**   OpenText admits that it is incorporated in Delaware and does not dispute that the District of Delaware has personal jurisdiction over OpenText for purposes of this litigation.  OpenText denies the remaining allegations of Paragraph 4.

5.     Venue is proper in this district under 28 U.S.C. § 1400(b). Upon information and belief, OpenText is incorporated in Delaware, has transacted business in the District of Delaware, and has committed acts of direct and indirect infringement in this District.

**ANSWER:**   OpenText admits that it is incorporated in Delaware and does not dispute that venue in this case is proper in the District of Delaware.  OpenText denies the remaining allegations of Paragraph 5.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 9,116,908

6.     Plaintiff realleges and incorporates by reference the foregoing paragraphs, as if fully set forth herein.  Plaintiff Realtime is the owner by assignment of United States Patent No. 9,116,908 (the "'908 Patent") entitled "System and methods for accelerated data storage and retrieval."  The '908 Patent was duly and legally issued by the United States Patent and Trademark Office on August 25, 2015.  A true and correct copy of the '908 Patent is included as Exhibit A.

**ANSWER:**   OpenText incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.  OpenText lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6, except it refers to the '908 Patent for a true and complete statement of its content and denies that the '908 Patent is valid.

7.     On information and belief, OpenText has offered for sale, sold and/or imported into the United States OpenText products and services that infringe the '908 patent, and continues to do so.  By way of illustrative example, these infringing products and services include, without limitation, OpenText products and services, *e.g.*, Enterprise Information Management, Enterprise Content Management, Archive Center, Archive Server, and the system hardware on which they operate, and all versions and variations thereof since the issuance of the '908 Patent ("Accused Instrumentalities").

**ANSWER:**   OpenText denies the allegations of Paragraph 7.

8.     On information and belief, OpenText has directly infringed and continues to infringe the '908 Patent, for example, by making, selling, offering for sale, and/or importing the Accused Instrumentalities, and through its own use and testing of the Accused Instrumentalities, which constitute performing a method for accelerating data storage of data claimed by Claim 21 of the '908 Patent, comprising: compressing a first data block with a first data compression technique to provide a first compressed data block; and compressing a second data block with a second data compression technique to provide a second compressed data block, wherein the first data compression technique and the second data compression technique are different; storing the

first and second data compressed blocks on a memory device wherein the compression and storage occurs faster than the first and second data blocks are able to be stored on the memory device in uncompressed form.  Upon information and belief, OpenText uses the Accused Instrumentalities, which perform the infringing method, for its own internal non-testing business purposes, while testing the Accused Instrumentalities, and while providing technical support and repair services for the Accused Instrumentalities to its customers.

**ANSWER:**   OpenText denies the allegations of Paragraph 8.

9.       OpenText also indirectly infringes the '908 Patent by manufacturing, using, selling, offering for sale, and/or importing the accused products, with knowledge that the accused products were and are especially manufactured and/or especially adapted for use in infringing the '908 Patent and are not a staple article or commodity of commerce suitable for substantial non-infringing use.  On information and belief, the Accused Instrumentality is designed to function with compatible hardware to perform a method for accelerating data storage of data comprising: compressing a first data block with a first data compression technique to provide a first compressed data block; and compressing a second data block with a second data compression technique to provide a second compressed data block, wherein the first data compression technique and the second data compression technique are different; storing the first and second data compressed blocks on a memory device wherein the compression and storage occurs faster than the first and second data blocks are able to be stored on the memory device in uncompressed form.  Because the Accused Instrumentality is designed to operate as the claimed method for accelerating data storage of data, the Accused Instrumentality has no substantial non-infringing uses, and any other uses would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental. OpenText's manufacture, use, sale, offering for sale, and/or importation of the Accused Instrumentality constitutes contributory infringement of the '908 Patent.

**ANSWER:**  OpenText denies the allegations of Paragraph 9.

10.     On information and belief, OpenText has had knowledge of the '908 Patent since at least the filing of the original Complaint in this action, or shortly thereafter, and on information and belief, OpenText knew of the '908 Patent and knew of its infringement, including by way of this lawsuit.

**ANSWER:**  OpenText admits that it learned of the '908 Patent at the time of the filing of

the original Complaint in this action, or shortly thereafter.   OpenText denies the remaining

allegations of Paragraph 10.

11.     OpenText's affirmative acts of making, using, selling, offering for sale, and/or importing the Accused Instrumentalities have induced and continue to induce users of the Accused Instrumentalities to use the Accused Instrumentalities in their normal and customary way to infringe claims of the '908 Patent.  Use of the Accused Instrumentalities in their ordinary and customary manner results in infringement of claims of the '908 Patent.  For example, OpenText explains to customers the benefits of using the Accused Instrumentalities, such as by

touting their performance advantages: "[I]n order to save storage space, you can activate data compression for each individual logical archive or content type." *See* "Why Archiving Matters. How to Manage Your Enterprise Content with OpenText Archive Server." Exhibit D. Moreover, OpenText discloses to customers that "[T]o save even more disk space, we provide Single Instance Archiving." *See* "Why Archiving Matters. How to Manage Your Enterprise Content with OpenText Archive Server." Exhibit D. For similar reasons, OpenText also induces its customers to use the Accused Instrumentalities to infringe other claims of the '908 Patent. OpenText specifically intended and was aware that the normal and customary use of the Accused Instrumentalities on compatible systems would infringe the '908 Patent. OpenText performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '908 Patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement. On information and belief, OpenText engaged in such inducement to promote the sales of the Accused Instrumentalities, *e.g.,* through OpenText's user manuals, product support, marketing materials, and training materials to actively induce the users of the accused products to infringe the '908 Patent. Accordingly, OpenText has induced and continues to induce end users of the accused products to use the accused products in their ordinary and customary way with compatible systems to make and/or use systems infringing the '908 Patent, knowing that such use of the Accused Instrumentalities with compatible systems will result in infringement of the '908 Patent.

**ANSWER:** OpenText refers to "Why Archiving Matters. How to Manage Your Enterprise Content with OpenText Archive Server" for a true and complete statement of its contents. OpenText denies the remaining allegations of Paragraph 11.

12. The Accused Instrumentalities compress a first data block with a first data compression technique to provide a first compressed data block. For example, the Accused Instrumentalities state "[A]ll important formats including email and office formats are compressed by default. Compression rates depend on file format and content and correspond roughly to gzip level 6." *See* "Why Archiving Matters. How to Manage Your Enterprise Content with OpenText Archive Server." Exhibit D.

**ANSWER:** OpenText refers to "Why Archiving Matters. How to Manage Your Enterprise Content with OpenText Archive Server" for a true and complete statement of its contents. OpenText denies the remaining allegations of Paragraph 12.

13. The Accused Instrumentalities compress a second data block with a second data compression technique to provide a second compressed data block, wherein the first data compression technique and the second data compression technique are different. For example, the Accused Instrumentalities disclose that "OpenText enables single instance archiving (SIA), keeping the same document only once." *See* "Enterprise Information Archiving: It's Time for a New Strategy." Exhibit E. As another example, the Accused Instrumentalities explain that with Single Instance Archiving "[A]n attachment that several

users want to archive is archived only once and is referenced with the individual emails." *See* "Why Archiving Matters. How to Manage Your Enterprise Content with OpenText Archive Server." Exhibit D. As such, Single Instance Archiving technique compares incoming blocks to eliminate duplicates, whereas compression technique (gzip level 6) eliminates redundancies within the incoming data blocks.

     **ANSWER:**  OpenText refers to "Enterprise Information Archiving: It's Time for a New Strategy" and "Why Archiving Matters. How to Manage Your Enterprise Content with OpenText Archive Server" for a true and complete statement of their respective contents.  OpenText denies the remaining allegations of Paragraph 13.

     14.     The Accused Instrumentalities store the first and second data compressed blocks on a memory device wherein the compression and storage occurs faster than the first and second data blocks are able to be stored on the memory device in uncompressed form. For example, the Accused Instrumentalities disclose that "[I]n order to save storage space, you can activate compression for each individual logical archive or content type." *See* "Why Archiving Matters. How to Manage Your Enterprise Content with OpenText Archive Server." Exhibit D. As another example, the Accused Instrumentalities provide Single Instance Archiving technique "to save even more disk space." *See* "Why Archiving Matters. How to Manage Your Enterprise Content with OpenText Archive Server." Exhibit D. In this regard, the Accused Instrumentalities further explain that "[D]ependent on the amount of expected redundancy of email attachments, SIA may reduce required storage space significantly." *See* "Why Archiving Matters. How to Manage Your Enterprise Content with OpenText Archive Server." Exhibit D. Due to the data reduction and acceleration features of the specific compression algorithms used, the time of the compressing the data block and the storing the compressed data block is less than the time of storing the data block in uncompressed form. As such, the Accused Instrumentalities disclose that "[T]he Archive Server fulfills performance requirements for filing (store), backup, replication, migration, deletion and administration." *See* "OpenText Archive Server Functional Paper." Exhibit F.

     **ANSWER:**  OpenText refers to "Why Archiving Matters. How to Manage Your Enterprise Content with OpenText Archive Server" and "OpenText Archive Server Functional Paper" for a true and complete statement of their respective contents.  OpenText denies the remaining allegations of Paragraph 14.

     15.     OpenText also infringes other claims of the '908 Patent, directly and through inducing infringement and contributory infringement.

     **ANSWER:**  OpenText denies the allegations of Paragraph 15.

16.     On information and belief, use of the Accused Instrumentalities in their ordinary and customary fashion results in infringement of the methods claimed by the '908 Patent.

**ANSWER:**  OpenText denies the allegations of Paragraph 16.

17.     By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, and touting the benefits of using the Accused Instrumentalities' data storage accelerating features, OpenText has injured Realtime and is liable to Realtime for infringement of the '908 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**  OpenText denies the allegations of Paragraph 17.

18.     As a result of OpenText's infringement of the '908 Patent, Plaintiff Realtime is entitled to monetary damages in an amount adequate to compensate for OpenText's infringement, but in no event less than a reasonable royalty for the use made of the invention by OpenText, together with interest and costs as fixed by the Court.

**ANSWER:**  OpenText denies the allegations of Paragraph 18.

**COUNT II**
**INFRINGEMENT OF U.S. PATENT NO. 9,667,751**

19.     Plaintiff realleges and incorporates by reference the foregoing paragraphs, as if fully set forth herein.

**ANSWER:**   OpenText incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

20.     Plaintiff Realtime is the owner by assignment of United States Patent No. 9,667,751 (the "'751 Patent") entitled "Data feed acceleration." The '751 Patent was duly and legally issued by the United States Patent and Trademark Office on May 30, 2017. A true and correct copy of the '751 Patent is included as Exhibit B.

**ANSWER:**  OpenText lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20, except it refers to the '751 Patent for a true and complete statement of its content and denies that the '751 Patent is valid.

21.     On information and belief, OpenText has offered for sale, sold and/or imported into the United States OpenText products and services that infringe the '751 Patent, and continues to do so. By way of illustrative example, these infringing products and services include, without limitation, OpenText products and services, *e.g.*, Enterprise Information Management, Enterprise Content Management, Archive Center, Archive Server, and the system

hardware on which they operate, and all versions and variations thereof since the issuance of the '751 Patent ("Accused Instrumentalities").

**ANSWER:**   OpenText denies the allegations of Paragraph 21.

22.   On information and belief, OpenText has directly infringed and continues to infringe the '751 Patent, for example, through its own use and testing of the Accused Instrumentalities, which in the ordinary course of their operation perform a method for compressing data claimed by Claim 1 of the '751 Patent, comprising: analyzing content of a data block to identify a parameter, attribute, or value of the data block that excludes analyzing based solely on reading a descriptor; selecting an encoder associated with the identified parameter, attribute, or value; compressing data in the data block with the selected encoder to produce a compressed data block, wherein the compressing includes utilizing a state machine; and storing the compressed data block; wherein the time of the compressing the data block and the storing the compressed data block is less than the time of storing the data block in uncompressed form. Upon information and belief, OpenText uses the Accused Instrumentalities, which perform the infringing method, for its own internal non-testing business purposes, while testing the Accused Instrumentalities, and while providing technical support and repair services for the Accused Instrumentalities to OpenText's customers.

**ANSWER:**   OpenText denies the allegations of Paragraph 22.

23.   On information and belief, OpenText has had knowledge of the '751 Patent since at least the filing of the original Complaint in this action, or shortly thereafter, and on information and belief, OpenText knew of the '751 Patent and knew of its infringement, including by way of this lawsuit.

**ANSWER:** OpenText admits that it learned of the '751 Patent at the time of the filing of

the original Complaint in this action, or shortly thereafter.   OpenText denies the remaining

allegations of Paragraph 23.

24.   Upon information and belief, OpenText's affirmative acts of making, using, and selling the Accused Instrumentalities, and providing implementation services and technical support to users of the Accused Instrumentalities, have induced and continue to induce users of the Accused Instrumentalities to use them in their normal and customary way to infringe Claim 1 of the '751 Patent by analyzing content of a data block to identify a parameter, attribute, or value of the data block that excludes analyzing based solely on reading a descriptor; selecting an encoder associated with the identified parameter, attribute, or value; compressing data in the data block with the selected encoder to produce a compressed data block, wherein the compressing includes utilizing a state machine; and storing the compressed data block; wherein the time of the compressing the data block and the storing the compressed data block is less than the time of storing the data block in uncompressed form. For example, OpenText explains to customers the benefits of using the Accused Instrumentalities, such as by touting their efficiency: "[I]n order to save storage space, you can activate data compression for each individual logical archive or

content type." *See* "Why Archiving Matters. How to Manage Your Enterprise Content with OpenText Archive Server." Exhibit D. Moreover, OpenText discloses to customers that "[T]o save even more disk space, we provide Single Instance Archiving." *See* "Why Archiving Matters. How to Manage Your Enterprise Content with OpenText Archive Server." Exhibit D. For similar reasons, OpenText also induces its customers to use the Accused Instrumentalities to infringe other claims of the '751 Patent. OpenText specifically intended and was aware that these normal and customary activities would infringe the '751 Patent. OpenText performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '751 Patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement. On information and belief, OpenText engaged in such inducement to promote the sales of the Accused Instrumentalities. Accordingly, OpenText has induced and continues to induce users of the accused products to use the accused products in their ordinary and customary way to infringe the '751 Patent, knowing that such use constitutes infringement of the '751 Patent.

**ANSWER:**   OpenText refers to "Why Archiving Matters. How to Manage Your Enterprise Content with OpenText Archive Server" for a true and complete statement of its contents.  OpenText denies the remaining allegations of Paragraph 24.

25.      OpenText also indirectly infringes the '751 Patent by manufacturing, using, selling, offering for sale, and/or importing the accused products, with knowledge that the accused products were and are especially manufactured and/or especially adapted for use in infringing the '751 Patent and are not a staple article or commodity of commerce suitable for substantial non-infringing use. On information and belief, the Accused Instrumentality is designed to perform a method for compressing data comprising: analyzing content of a data block to identify a parameter, attribute, or value of the data block that excludes analyzing based solely on reading a descriptor; selecting an encoder associated with the identified parameter, attribute, or value; compressing data in the data block with the selected encoder to produce a compressed data block, wherein the compressing includes utilizing a state machine; and storing the compressed data block; wherein the time of the compressing the data block and the storing the compressed data block is less than the time of storing the data block in uncompressed form. Because the Accused Instrumentality is designed to operate as the claimed method for compressing, the Accused Instrumentality has no substantial non-infringing uses, and any other uses would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental. OpenText's manufacture, use, sale, offering for sale, and/or importation of the Accused Instrumentality constitutes contributory infringement of the '751 Patent.

**ANSWER:**  OpenText denies the allegations of Paragraph 25.

26.      The Accused Instrumentalities analyze content of a data block to identify a parameter, attribute, or value of the data block that excludes analyzing based solely on reading a descriptor. For example, the Accused Instrumentalities support single instance archiving (e.g., "OpenText enables single instance archiving (SIA), keeping the same document only once." *See* "Enterprise Information Archiving: It's Time for a New Strategy." Exhibit E). As another

example, the Accused Instrumentalities explain that with Single Instance Archiving "[A]n attachment that several users want to archive is archived only once and is referenced with the individual emails." *See* "Why Archiving Matters. How to Manage Your Enterprise Content with OpenText Archive Server." Exhibit D. As such, single instance archiving technique compares incoming blocks to identify duplicate data blocks.

**ANSWER:** OpenText refers to "Enterprise Information Archiving: It's Time for a New Strategy" and "Why Archiving Matters. How to Manage Your Enterprise Content with OpenText Archive Server" for a true and complete statement of their respective contents.  OpenText denies the remaining allegations of Paragraph 26.

27.    The Accused Instrumentalities select an encoder associated with the identified parameter, attribute, or value. For example, the Accused Instrumentalities support data compression (gzip level 6) and single instance archiving techniques (e.g., "OpenText enables single instance archiving (SIA), keeping the same document only once." *See* "Why Archiving Matters. How to Manage Your Enterprise Content with OpenText Archive Server." Exhibit D. "[A]ll important formats including email and office formats are compressed by default. Compression rates depend on file format and content and correspond roughly to gzip level 6." *See* "Why Archiving Matters. How to Manage Your Enterprise Content with OpenText Archive Server." Exhibit D). As such, if a duplicate block is found, the Accused Instrumentalities use single instance archiving technique to eliminate redundancies across duplicate data blocks, otherwise the Accused Instrumentalities use data compression technique to address redundancies in the unique data block.

**ANSWER:**   OpenText refers to "Why Archiving Matters. How to Manage Your Enterprise Content with OpenText Archive Server" for a true and complete statement of its contents.  OpenText denies the remaining allegations of Paragraph 27.

28.    The Accused Instrumentalities compress data in the data block with the selected encoder to produce a compressed data block, wherein the compressing includes utilizing a state machine. For example, the Accused Instrumentalities support both data compression (gzip level 6) and single instance archiving techniques (e.g., "OpenText enables single instance archiving (SIA), keeping the same document only once." *See* "Why Archiving Matters. How to Manage Your Enterprise Content with OpenText Archive Server." Exhibit D. "[A]ll important formats including email and office formats are compressed by default. Compression rates depend on file format and content and correspond roughly to gzip level 6." *See* "Why Archiving Matters. How to Manage Your Enterprise Content with OpenText Archive Server." Exhibit D). Moreover, the Accused Instrumentalities explain that with Single Instance Archiving "[A]n attachment that several users want to archive is archived only once and is referenced with the individual emails." *See* "Why Archiving Matters. How to Manage Your Enterprise Content with OpenText Archive Server." Exhibit D.

**ANSWER:**   OpenText refers to "Why Archiving Matters. How to Manage Your Enterprise Content with OpenText Archive Server" for a true and complete statement of its contents.  OpenText denies the remaining allegations of Paragraph 28.

29.    The Accused Instrumentalities store the compressed data block. For example, the Accused Instrumentalities disclose that "[I]n order to save storage space, you can activate compression for each individual logical archive or content type." *See* "Why Archiving Matters. How to Manage Your Enterprise Content with OpenText Archive Server." Exhibit D. As another example, the Accused Instrumentalities provide Single Instance Archiving technique "to save even more disk space." *See* "Why Archiving Matters. How to Manage Your Enterprise Content with OpenText Archive Server." Exhibit D. In this regard, the Accused Instrumentalities further explain that "[D]ependent on the amount of expected redundancy of email attachments, SIA may reduce required storage space significantly." *See* "Why Archiving Matters. How to Manage Your Enterprise Content with OpenText Archive Server." Exhibit D.

**ANSWER:**   OpenText refers to "Why Archiving Matters. How to Manage Your Enterprise Content with OpenText Archive Server" for a true and complete statement of its contents.  OpenText denies the remaining allegations of Paragraph 29.

30.    The Accused Instrumentalities compress data, wherein the time of the compressing the data block and the storing the compressed data block is less than the time of storing the data block in uncompressed form. Due to the data reduction and acceleration features of the specific compression algorithms used, the time of the compressing the data block and the storing the compressed data block is less than the time of storing the data block in uncompressed form. As such, the Accused Instrumentalities disclose that "[T]he Archive Server fulfills performance requirements for filing (store), backup, replication, migration, deletion and administration." *See* "OpenText Archive Server Functional Paper." Exhibit F.

**ANSWER:**  OpenText refers to "OpenText Archive Server Functional Paper" for a true and complete statement of its contents.  OpenText denies the remaining allegations of Paragraph 30.

31.    On information and belief, OpenText also infringes, directly and through induced infringement, and continues to infringe other claims of the '751 Patent.

**ANSWER:**  OpenText denies the allegations of Paragraph 31.

32.     On information and belief, use of the Accused Instrumentalities in their ordinary and customary fashion results in infringement of the methods claimed by the '751 Patent.

**ANSWER:**  OpenText denies the allegations of Paragraph 32.

33.     By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, and touting the benefits of using the Accused Instrumentalities' compression features, OpenText has injured Realtime and is liable to Realtime for infringement of the '751 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**  OpenText denies the allegations of Paragraph 33.

34.     As a result of OpenText's infringement of the '751 Patent, Plaintiff Realtime is entitled to monetary damages in an amount adequate to compensate for OpenText's infringement, but in no event less than a reasonable royalty for the use made of the invention by OpenText, together with interest and costs as fixed by the Court.

**ANSWER:**  OpenText denies the allegations of Paragraph 34.

**COUNT III**
**INFRINGEMENT OF U.S. PATENT NO. 8,933,825**

35.     Plaintiff realleges and incorporates by reference the foregoing paragraphs, as if fully set forth herein. Plaintiff Realtime is the owner by assignment of United States Patent No. 8,933,825 (the "'825 Patent") entitled "Data compression systems and methods." The '825 Patent was duly and legally issued by the United States Patent and Trademark Office on January 13, 2015. A true and correct copy of the '825 Patent is included as Exhibit C.

**ANSWER:**     OpenText incorporates by reference its responses to the foregoing

paragraphs as if fully set forth herein.  OpenText lacks knowledge or information sufficient to

form a belief about the truth of the allegations in Paragraph 35, except it refers to the '825 Patent

for a true and complete statement of its content and denies that the '825 Patent is valid.

36.     On information and belief, OpenText has offered for sale, sold and/or imported into the United States OpenText products and services that infringe the '825 Patent, and continues to do so. By way of illustrative example, these infringing products and services include, without limitation, OpenText products and services, *e.g.*, Enterprise Information Management, Enterprise Content Management, Archive Center, Archive Server, and the system hardware on which they operate, and all versions and variations thereof since the issuance of the '825 Patent ("Accused Instrumentalities").

**ANSWER:**  OpenText denies the allegations of Paragraph 36.

37.     On information and belief, OpenText has directly infringed and continues to infringe the '825 Patent, for example, by making, selling, offering for sale, and/or importing the Accused Instrumentalities, and through its own use and testing of the Accused Instrumentalities, which constitute performing a method claimed by Claim 18 of the '825 Patent, comprising: associating at least one encoder to each one of a plurality of parameters or attributes of data; analyzing data within a data block to determine whether a parameter or attribute of the data within the data block is identified for the data block; wherein the analyzing of the data within the data block to identify a parameter or attribute of the data excludes analyzing based only on a descriptor that is indicative of the parameter or attribute of the data within the data block; identifying a first parameter or attribute of the data of the data block; compressing, if the first parameter or attribute of the data is the same as one of the plurality of parameter or attributes of the data, the data block with the at least one encoder associated with the one of the plurality of parameters or attributes of the data that is the same as the first parameter or attribute of the data to provide a compressed data block; and compressing, if the first parameter or attribute of the data is not the same as one of the plurality of parameters or attributes of the data, the data block with a default encoder to provide the compressed data block. Upon information and belief, OpenText uses the Accused Instrumentalities, which perform the infringing method, for its own internal non-testing business purposes, while testing the Accused Instrumentalities, and while providing technical support and repair services for the Accused Instrumentalities to its customers.

**ANSWER:** OpenText denies the allegations of Paragraph 37.

38.     OpenText also indirectly infringes the '825 Patent by manufacturing, using, selling, offering for sale, and/or importing the accused products, with knowledge that the accused products were and are especially manufactured and/or especially adapted for use i n infringing the '908 Patent and are not a staple article or commodity of commerce suitable for substantial non-infringing use. On information and belief, the Accused Instrumentality is designed to function with compatible hardware to perform a method comprising: associating at least one encoder to each one of a plurality of parameters or attributes of data; analyzing data within a data block to determine whether a parameter or attribute of the data within the data block is identified for the data block; wherein the analyzing of the data within the data block to identify a parameter or attribute of the data excludes analyzing based only on a descriptor that is indicative of the parameter or attribute of the data within the data block; identifying a first parameter or attribute of the data of the data block; compressing, if the first parameter or attribute of the data is the same as one of the plurality of parameter or attributes of the data, the data block with the at least one encoder associated with the one of the plurality of parameters or attributes of the data that is the same as the first parameter or attribute of the data to provide a compressed data block; and compressing, if the first parameter or attribute of the data is not the same as one of the plurality of parameters or attributes of the data, the data block with a default encoder to provide the compressed data block. Because the Accused Instrumentality is designed to operate as the claimed method, the Accused Instrumentality has no substantial non-infringing uses, and any other uses would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental. OpenText's manufacture, use, sale, offering for sale, and/or importation of the Accused Instrumentality constitutes contributory infringement of the '825 Patent.

**ANSWER:** OpenText denies the allegations of Paragraph 38.

39.     On information and belief, OpenText has had knowledge of the '825 Patent since at least the filing of the original Complaint in this action, or shortly thereafter, and on information and belief, OpenText knew of the '825 Patent and knew of its infringement, including by way of this lawsuit.

**ANSWER:**  OpenText admits that it learned of the '825 Patent at the time of the filing of the original Complaint in this action, or shortly thereafter.   OpenText denies the remaining allegations of Paragraph 39.

40.     OpenText's affirmative acts of making, using, selling, offering for sale, and/or importing the Accused Instrumentalities have induced and continue to induce users of the Accused Instrumentalities to use the Accused Instrumentalities in their normal and customary way to infringe claims of the '825 Patent. Use of the Accused Instrumentalities in their ordinary and customary manner results in infringement of claims of the '825 Patent.

**ANSWER:**  OpenText denies the allegations of Paragraph 40.

41.     For example, OpenText explains to customers the benefits of using the Accused Instrumentalities, such as by touting their performance advantages: "[I]n order to save storage space, you can activate data compression for each individual logical archive or content type." *See* "Why Archiving Matters. How to Manage Your Enterprise Content with OpenText Archive Server." Exhibit D. Moreover, OpenText discloses to customers that "[T]o save even more disk space, we provide Single Instance Archiving." *See* "Why Archiving Matters. How to Manage Your Enterprise Content with OpenText Archive Server." Exhibit D. For similar reasons, OpenText also induces its customers to use the Accused Instrumentalities to infringe other claims of the '825 Patent. OpenText specifically intended and was aware that the normal and customary use of the Accused Instrumentalities on compatible systems would infringe the '825 Patent. OpenText performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '825 Patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement. On information and belief, OpenText engaged in such inducement to promote the sales of the Accused Instrumentalities, *e.g.,* through OpenText's user manuals, product support, marketing materials, and training materials to actively induce the users of the accused products to infringe the '825 Patent. Accordingly, OpenText has induced and continues to induce end users of the accused products to use the accused products in their ordinary and customary way with compatible systems to make and/or use systems infringing the '825 Patent, knowing that such use of the Accused Instrumentalities with compatible systems will result in infringement of the '825 Patent.

**ANSWER:**  OpenText refers to "Why Archiving Matters. How to Manage Your Enterprise Content with OpenText Archive Server" for a true and complete statement of its contents.  OpenText denies the remaining allegations of Paragraph 41.

42.   The Accused Instrumentalities associate at least one encoder to each one of a plurality of parameters or attributes of data. For example, the Accused Instrumentalities support data compression (gzip level 6) and single instance archiving techniques (e.g., "OpenText enables single instance archiving (SIA), keeping the same document only once." *See* "Why Archiving Matters. How to Manage Your Enterprise Content with OpenText Archive Server." Exhibit D. "[A]ll important formats including email and office formats are compressed by default. Compression rates depend on file format and content and correspond roughly to gzip level 6." *See* "Why Archiving Matters. How to Manage Your Enterprise Content with OpenText Archive Server." Exhibit D). In particular, the Accused Instrumentalities associate single instance archiving encoder with the duplicate data block and compression encoder with a unique data block.

**ANSWER:**   OpenText refers to "Why Archiving Matters. How to Manage Your Enterprise Content with OpenText Archive Server" for a true and complete statement of its contents.  OpenText denies the remaining allegations of Paragraph 42.

43.   The Accused Instrumentalities analyze data within a data block to determine whether a parameter or attribute of the data within the data block is identified for the data block. For example, the Accused Instrumentalities analyze data blocks to detect duplicate data blocks (e.g., "OpenText enables single instance archiving (SIA), keeping the same document only once." *See* "Why Archiving Matters. How to Manage Your Enterprise Content with OpenText Archive Server." Exhibit D).

**ANSWER:**   OpenText refers to "Why Archiving Matters. How to Manage Your Enterprise Content with OpenText Archive Server" for a true and complete statement of its contents.  OpenText denies the remaining allegations of Paragraph 43.

44.   The Accused Instrumentalities analyze data, wherein the analyzing of the data within the data block to identify a parameter or attribute of the data excludes analyzing based only on a descriptor that is indicative of the parameter or attribute of the data within the data block. For example, the Accused Instrumentalities support single instance archiving (e.g., "OpenText enables single instance archiving (SIA), keeping the same document only once." *See* "Enterprise Information Archiving: It's Time for a New Strategy." Exhibit E). As another example, the Accused Instrumentalities explain that with Single Instance Archiving "[A]n attachment that several users want to archive is archived only once and is referenced with the individual emails." *See* "Why Archiving Matters. How to Manage Your Enterprise Content with OpenText Archive Server." Exhibit D.

**ANSWER:**   OpenText refers to "Enterprise Information Archiving: It's Time for a New Strategy" and "Why Archiving Matters. How to Manage Your Enterprise Content with OpenText

Archive Server" for a true and complete statement of their respective contents.  OpenText denies

the remaining allegations of Paragraph 44.

45.     The Accused Instrumentalities identify a first parameter or attribute of the data of the data block. For example, the Accused Instrumentalities analyze the data blocks to identify duplicate data blocks. Specifically, the Accused Instrumentalities state that "[O]penText enables single instance archiving (SIA), keeping the same document only once." *See* "Enterprise Information Archiving: It's Time for a New Strategy." Exhibit E.

**ANSWER:**  OpenText refers to "Enterprise Information Archiving: It's Time for a New

Strategy" for a true and complete statement of its contents.  OpenText denies the remaining

allegations of Paragraph 45.

46.     The Accused Instrumentalities compress, if the first parameter or attribute of the data is the same as one of the plurality of parameter or attributes of the data, the data block with the at least one encoder associated with the one of the plurality of parameters or attributes of the data that is the same as the first parameter or attribute of the data to provide a compressed data block. For example, the Accused Instrumentalities support single instance archiving (e.g., "[A]n attachment that several users want to archive is archived only once and is referenced with the individual emails." *See* "Why Archiving M atters. How to Manage Your Enterprise Content with OpenText Archive Server." Exhibit D). As such, if a duplicate document is found, the Accused Instrumentalities keep "same document only once." *See* "Enterprise Information Archiving: It's Time for a New Strategy." Exhibit E.

**ANSWER:**  OpenText refers to "Enterprise Information Archiving: It's Time for a New

Strategy" and "Why Archiving Matters. How to Manage Your Enterprise Content with OpenText

Archive Server" for a true and complete statement of their respective contents.  OpenText denies

the remaining allegations of Paragraph 46.

47.     The Accused Instrumentalities compress, if the first parameter or attribute of the data is not the same as one of the plurality of parameters or attributes of the data, the data block with a default encoder to provide the compressed data block. For example, the Accused Instrumentalities support data compression (e.g., "[A]ll important formats including email and office formats are compressed by default. Compression rates depend on file format and content and correspond roughly to gzip level 6." *See* "Why Archiving Matters. How to Manage Your Enterprise Content with OpenText Archive Server." Exhibit D). As such, if the first data block is not the duplicate of a previously stored data block, the Accused Instrumentalities use a default compression technique to address the redundancy in the first data block.

**ANSWER:**   OpenText refers to "Why Archiving Matters. How to Manage Your Enterprise Content with OpenText Archive Server" for a true and complete statement of its contents.  OpenText denies the remaining allegations of Paragraph 47.

48.    OpenText also infringes other claims of the '825 Patent, directly and through inducing infringement and contributory infringement.

**ANSWER:** OpenText denies the allegations of Paragraph 48.

49.    On information and belief, use of the Accused Instrumentalities in their ordinary and customary fashion results in infringement of the methods claimed by the '825 Patent.

**ANSWER:** OpenText denies the allegations of Paragraph 49.

50.    By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, and touting the benefits of using the Accused Instrumentalities' data storage accelerating features, OpenText has injured Realtime and is liable to Realtime for infringement of the '825 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:** OpenText denies the allegations of Paragraph 50.

51.    As a result of OpenText's infringement of the '825 Patent, Plaintiff Realtime is entitled to monetary damages in an amount adequate to compensate for OpenText's infringement, but in no event less than a reasonable royalty for the use made of the invention by OpenText, together with interest and costs as fixed by the Court.

**ANSWER:** OpenText denies the allegations of Paragraph 51.

## RESPONSE TO PRAYER FOR RELIEF

OpenText incorporates by reference its responses to paragraphs 1-51 of the Complaint and denies that Plaintiff is entitled to any relief whatsoever.

## DEMAND FOR JURY TRIAL

The request for a jury trial set forth in the Complaint requires no response.

## OPENTEXT'S DEFENSES

Pursuant to the Federal Rules of Civil Procedure, OpenText asserts at this time the following affirmative defenses to the Complaint based on OpenText's present knowledge,

information and belief, and without waiving any other affirmative defense that may arise or come to OpenText's attention in the future.  OpenText reserves all other defenses and the right to amend its pleadings to assert any such additional defenses or claims.

**FIRST DEFENSE**

The claims of the Asserted Patents are invalid for failure to meet one or more of the conditions of patentability as specified in Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103 and/or 112 *et seq*.  For example, the claims of the Asserted Patents are anticipated by and/or obvious in view of at least OpenText's products and publications, including Archive Server and iXOS Archive, which disclosed or embodied every element of the claims of the Asserted Patents either alone or in combination with other prior art at least as early as mid-1998.

**SECOND DEFENSE**

Plaintiff's claims are barred or otherwise limited under principles of equity, including waiver, estoppel, unclean hands, laches and/or acquiescence.

**THIRD DEFENSE**

Plaintiff's right to seek damages is limited or barred, including without limitation, by 35 U.S.C. §§ 286 and 287.

**OPENTEXT'S COUNTERCLAIMS**

1.      Defendant and Counterclaim Plaintiff Open Text Inc. ("OpenText") counterclaims against Plaintiff and Counterclaim Defendant Realtime Data LLC d/b/a IXO ("Realtime") as follows.

**PARTIES**

2.      OpenText Inc. is a corporation organized under the laws of Delaware.

18

3.      On information and belief, and by its Complaint, Realtime is a limited liability company organized under the laws of State of New York, with places of business at 5851 Legacy Circle, Plano, Texas 75024, and 66 Palmer Avenue, Suite 27, Bronxville, NY 10708.

## JURISDICTION AND VENUE

4.      These counterclaims seek a declaratory judgment of non-infringement, patent invalidity, and patent unenforceability of U.S. Patent No. 9,116,908 (the "'908 Patent"), U.S. Patent No. 9,667,751 (the "'751 Patent") or U.S. Patent No. 8,933,825 (the "'825 Patent"), arising under the patent laws of the United States, Title 35 of the United States Code.

5.      This Court has jurisdiction over the subject matter of these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

6.      The venue requirements of 28 U.S.C. §§ 1391 and 1400(b) are satisfied.

7.      This Court has personal jurisdiction over Counterclaim Defendant Realtime at least because Realtime consented to personal jurisdiction by filing its Complaint in this action.

## FIRST COUNTERCLAIM
## (DECLARATION OF NON-INFRINGEMENT OF THE '908 PATENT)

8.      Realtime, by its Complaint, alleges that it is the owner of the '908 Patent and that OpenText has directly and indirectly infringed the '908 Patent by making, using, importing, offering for sale, and/or selling OpenText "products and services, *e.g.*, Enterprise Information Management, Enterprise Content Management, Archive Center, Archive Server, and the system hardware on which they operate, and all versions and variations thereof" (the "Accused OpenText Products").  OpenText incorporates by reference its responses to the allegations in the Complaint and its affirmative defenses.

9.      The Accused OpenText Products do not contain all the elements, or perform all of the steps, of any claim of the '908 Patent.  Accordingly, OpenText has not infringed and is not

infringing, directly or indirectly, either literally or under the doctrine of equivalents, any claim of the '908 Patent. No product made, used, sold, offered for sale, or imported by OpenText infringes, either literally or under the doctrine of equivalents, any claim of the '908 Patent.

10.    OpenText has not induced, and is not inducing, infringement of any claim of the '908 Patent.

11.    OpenText has not, and is not, contributorily infringed any claim of the '908 Patent.

12.    OpenText does not, and has not, had the requisite specific intent to infringe, or knowledge of infringement, of the '908 Patent required for induced or contributory infringement. OpenText also was not aware of the '908 Patent until it was served with the original complaint in this case or shortly thereafter, and thus did not have the required knowledge of the '908 Patent prior to that time. OpenText does not offer to sell or sell within, or import into, the United States any component knowing that it is especially made or especially adapted for use in infringement of the '908 Patent.

13.    An actual, justiciable controversy exists between the parties by virtue of Realtime's Complaint and OpenText's Answer as to the non-infringement of the '908 Patent.

14.    The baseless allegations of patent infringement made by Realtime are causing irreparable damage to OpenText.

15.    OpenText is entitled to judgment by this Court declaring all claims of the '908 Patent not infringed by OpenText.

16.    Because Realtime's conduct renders this case "exceptional" under 35 U.S.C. § 285, OpenText is entitled to recover its reasonable costs, expenses, and attorneys' fees.

## SECOND COUNTERCLAIM
## (DECLARATION OF INVALIDITY OF THE 908 PATENT)

17.     Realtime, by its Complaint, alleges that it is the owner of the '908 Patent and that OpenText has directly and indirectly infringed the '908 Patent.  OpenText incorporates by reference its responses to the allegations in the Complaint and its affirmative defenses.

18.     The '908 Patent is invalid for failure to meet one or more conditions of patentability as specified in the Patent Laws (Title 35 of the U.S. Code), including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112 *et seq*.  For example, the claims of the '908 Patent are anticipated by and/or obvious in view of products and publications including, at minimum, Archive Server and iXOS Archive, which disclosed or embodied every element of the claims of the Asserted Patents either alone or in combination with other prior art at least as early as mid-1998.

19.     An actual, justiciable controversy exists between the parties by virtue of Realtime's Complaint and OpenText's Answer as to the non-infringement of the '908 Patent.

20.     The baseless allegations of patent infringement made by Realtime are causing irreparable damage to OpenText.

21.     OpenText is entitled to judgment by this Court declaring all claims of the 908 Patent are invalid.

22.     Because Realtime's conduct renders this case "exceptional" under 35 U.S.C. § 285, OpenText is entitled to recover its reasonable costs, expenses, and attorneys' fees.

## THIRD COUNTERCLAIM
## (DECLARATION OF NON-INFRINGEMENT OF THE 825 PATENT)

23.     Realtime, by its Complaint, alleges that it is the owner of the '825 Patent and that OpenText has directly and indirectly infringed the '825 Patent by making, using, importing,

offering for sale, and/or selling OpenText "products and services, *e.g.*, Enterprise Information Management, Enterprise Content Management, Archive Center, Archive Server, and the system hardware on which they operate, and all versions and variations thereof" (the "Accused OpenText Products").  OpenText incorporates by reference its responses to the allegations in the Complaint and its affirmative defenses.

24.     The Accused OpenText Products do not contain all the elements, or perform all of the steps, of any claim of the '825 Patent.  Accordingly, OpenText has not infringed and is not infringing, directly or indirectly, either literally or under the doctrine of equivalents, any claim of the '825 Patent. No product made, used, sold, offered for sale, or imported by OpenText infringes, either literally or under the doctrine of equivalents, any claim of the '825 Patent.

25.     OpenText has not induced, and is not inducing, infringement of any claim of the 825 Patent.

26.     OpenText has not, and is not, contributorily infringed any claim of the '825 Patent.

27.     OpenText does not, and has not, had the requisite specific intent to infringe, or knowledge of infringement, of the '825 Patent required for induced or contributory infringement. OpenText also was not aware of the '825 Patent until it was served with the original complaint in this case or shortly thereafter, and thus did not have the required knowledge of the '825 Patent prior to that time. OpenText does not offer to sell or sell within, or import into, the United States any component knowing that it is especially made or especially adapted for use in infringement of the '825 Patent.

28.     An actual, justiciable controversy exists between the parties by virtue of Realtime's Complaint and OpenText's Answer as to the non-infringement of the '825 Patent.

29.     The baseless allegations of patent infringement made by Realtime are causing irreparable damage to OpenText.

30.     OpenText is entitled to judgment by this Court declaring all claims of the 825 Patent not infringed by OpenText.

31.     Because Realtime's conduct renders this case "exceptional" under 35 U.S.C. § 285, OpenText is entitled to recover its reasonable costs, expenses, and attorneys' fees.

## FOURTH COUNTERCLAIM
### (DECLARATION OF INVALIDITY OF THE '825 PATENT)

32.     Realtime, by its Complaint, alleges that it is the owner of the '825 Patent and that OpenText has directly and indirectly infringed the '825 Patent.   OpenText incorporates by reference its responses to the allegations in the Complaint and its affirmative defenses.

33.     The '825 Patent is invalid for failure to meet one or more conditions of patentability as specified in the Patent Laws (Title 35 of the U.S. Code), including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112 *et seq*.  For example, the claims of the '825 Patent are anticipated by and/or obvious in view of products and publications including, at minimum, Archive Server and iXOS Archive, which disclosed or embodied every element of the claims of the Asserted Patents either alone or in combination with other prior art at least as early as mid-1998.

34.     An actual, justiciable controversy exists between the parties by virtue of Realtime's Complaint and OpenText's Answer as to the non-infringement of the '825 Patent.

35.     The baseless allegations of patent infringement made by Realtime are causing irreparable damage to OpenText.

36.     OpenText is entitled to judgment by this Court declaring all claims of the 825 Patent are invalid.

37.     Because Realtime's conduct renders this case "exceptional" under 35 U.S.C. § 285, OpenText is entitled to recover its reasonable costs, expenses, and attorneys' fees.

## FIFTH COUNTERCLAIM
### (DECLARATION OF NON-INFRINGEMENT OF THE '751 PATENT)

38.     Realtime, by its Complaint, alleges that it is the owner of the '751 Patent and that OpenText has directly and indirectly infringed the '751 Patent by making, using, importing, offering for sale, and/or selling OpenText "products and services, *e.g.*, Enterprise Information Management, Enterprise Content Management, Archive Center, Archive Server, and the system hardware on which they operate, and all versions and variations thereof" (the "Accused OpenText Products"). OpenText incorporates by reference its responses to the allegations in the Complaint and its affirmative defenses.

39.     The Accused OpenText Products do not contain all the elements, or perform all of the steps, of any claim of the '751 Patent. Accordingly, OpenText has not infringed and is not infringing, directly or indirectly, either literally or under the doctrine of equivalents, any claim of the '751 Patent. No product made, used, sold, offered for sale, or imported by OpenText infringes, either literally or under the doctrine of equivalents, any claim of the '751 Patent.

40.     OpenText has not induced, and is not inducing, infringement of any claim of the '751 Patent.

41.     OpenText has not, and is not, contributorily infringed any claim of the '751 Patent.

42.     OpenText does not, and has not, had the requisite specific intent to infringe, or knowledge of infringement, of the '751 Patent required for induced or contributory infringement. OpenText also was not aware of the '751 Patent until it was served with the original complaint in this case or shortly thereafter, and thus did not have the required knowledge of the '751 Patent

prior to that time. OpenText does not offer to sell or sell within, or import into, the United States any component knowing that it is especially made or especially adapted for use in infringement of the '751 Patent.

43.     An actual, justiciable controversy exists between the parties by virtue of Realtime's Complaint and OpenText's Answer as to the non-infringement of the '751 Patent.

44.     The baseless allegations of patent infringement made by Realtime are causing irreparable damage to OpenText.

45.     OpenText is entitled to judgment by this Court declaring all claims of the '751 Patent not infringed by OpenText.

46.     Because Realtime's conduct renders this case "exceptional" under 35 U.S.C. § 285, OpenText is entitled to recover its reasonable costs, expenses, and attorneys' fees.

## SIXTH COUNTERCLAIM
### (DECLARATION OF INVALIDITY OF THE '751 PATENT)

47.     Realtime, by its Complaint, alleges that it is the owner of the '751 Patent and that OpenText has directly and indirectly infringed the '751 Patent.   OpenText incorporates by reference its responses to the allegations in the Complaint and its affirmative defenses.

48.     The '751 Patent is invalid for failure to meet one or more conditions of patentability as specified in the Patent Laws (Title 35 of the U.S. Code), including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112 *et seq*.  For example, the claims of the '751 Patent are anticipated by and/or obvious in view of products and publications including, at minimum, Archive Server and iXOS Archive, which disclosed or embodied every element of the claims of the Asserted Patents either alone or in combination with other prior art at least as early as mid-1998.

49.    An actual, justiciable controversy exists between the parties by virtue of Realtime's Complaint and OpenText's Answer as to the non-infringement of the '751 Patent.

50.    The baseless allegations of patent infringement made by Realtime are causing irreparable damage to OpenText.

51.    OpenText is entitled to judgment by this Court declaring all claims of the '751 Patent are invalid.

52.    Because Realtime's conduct renders this case "exceptional" under 35 U.S.C. § 285, OpenText is entitled to recover its reasonable costs, expenses, and attorneys' fees.

## JURY DEMAND

OpenText demands a trial by jury on all issues so triable, including those in the Defenses and Counterclaims.

## PRAYER FOR RELIEF

**WHEREFORE**, OpenText prays for judgment as follows:

A.    That judgment be entered dismissing all of Realtime's claims for relief in the Complaint with prejudice;

B.    That judgment be entered declaring that all claims for relief sought by Realtime in its Complaint are denied with prejudice;

C.    That judgment be entered declaring that Realtime is not entitled to any relief whatsoever;

D.    That judgment be entered declaring that OpenText has not infringed, and is not infringing, any valid and enforceable claim of the '908 Patent, either literally or under the doctrine of equivalents;

E.    That judgment be entered declaring that the '908 Patent is invalid;

F.      That judgment be entered declaring that OpenText has not infringed, and is not infringing, any valid and enforceable claim of the '825 Patent, either literally or under the doctrine of equivalents;

G.      That judgment be entered declaring that the '825 Patent is invalid;

H.      That judgment be entered declaring that OpenText has not infringed, and is not infringing, any valid and enforceable claim of the '751 Patent, either literally or under the doctrine of equivalents;

I.      That judgment be entered declaring that the '751 Patent is invalid;

J.      That judgment be entered declaring this case "exceptional" and awarding OpenText its reasonable costs and expenses in this action, including reasonable attorneys' fees under 35 U.S.C. § 285 and other applicable statutes or laws, including interest; and

K.      That OpenText be awarded such other and further relief as this Court may deem just and proper.

Respectfully submitted,

OF COUNSEL:                                    POTTER ANDERSON & CORROON LLP

Timothy Carroll                               By:   */s/ Bindu A. Palapura*
DENTONS US LLP                                       David E. Moore (#3983)
233 S. Wacker Drive, Suite 5900                      Bindu A. Palapura (#5370)
Chicago, IL  60606-6361                              Alan R. Silverstein (#5066)
Tel:  (312) 876-8000                                 Tracey E. Timlin (#6469)
                                                     Hercules Plaza, 6th Floor
Manny J. Caixeiro                                    1313 N. Market Street
Katherine R. McMorrow                               Wilmington, DE  19801
DENTONS US LLP                                       Tel:  (302) 984-6000
601 S. Figueroa St., Suite 2500                      dmoore@potteranderson.com
Los Angeles, CA  90017-5704                          bpalapura@potteranderson.com
Tel:  (213) 623-9300                                 asilverstein@potteranderson.com
                                                     ttimlin@potteranderson.com
Steve Sprinkle
Scott Crocker                                 *Attorneys for Defendant Open Text, Inc.*
SPRINKLE IP LAW GROUP
1301 W. 25th Street, Suite 408
Austin, TX  78705
Tel:  (512) 637-9220

Dated:  April 22, 2019
6180134 / 47974